■ WENDIE PETERS et al., Appellants, v UNION FREE SCHOOL DISTRICT NO. 11, BOARD OF EDUCATION, OCEANSIDE, et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal, on the ground of inadequacy, from a judgment of the Supreme Court, Nassau County (Smith, J.), dated December 22, 1980, which was in favor of plaintiff Wendie Peters in the sum of $2,500 and plaintiff Daniel Peters, in the sum of $1,000. Judgment affirmed insofar as it is in favor of plaintiff Daniel Peters, without costs or disbursements. Judgment reversed insofar as it is in favor of plaintiff Wendie Peters, on the law, and, as between the said plaintiff and defendant Union Free School District No. 11, Board of Education, Oceanside, New York, action severed and new trial granted with respect to the issue of damages only, with costs to abide the event, unless within 20 days after service upon said defendant of a copy of the order to be made hereon, with notice of entry, the defendant shall serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the verdict in plaintiff Wendie Peters' favor from $2,500 to $10,000 and to the entry of an amended judgment accordingly, in which event, the judgment in her favor, as so increased and amended, is affirmed, without costs or disbursements. The verdict in favor of plaintiff Wendie Peters was inadequate to the extent indicated. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.

■ FRANCES RAHBE, Respondent, v GEORGE RAHBE, Appellant. — Appeal by the defendant husband from an order of the Supreme Court, Nassau County (Lockman, J.), dated June 5, 1981, which, *inter alia,* referred the matter to Special Term, Part V, for a hearing and determination of plaintiff's motion for a money judgment. Appeal dismissed, without costs or disbursements. (See *Bagdy v Progresso Foods Corp.,* 86 AD2d 589; *Sklarin v Sklarin,* 86 AD2d 606.) Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.

■ ARNOLD REEKSTIN et al., Appellants, v LONG ISLAND RAILROAD COMPANY et al., Defendants. (And Third- and Fourth-Party Actions.) THE PEOPLE OF THE STATE OF NEW YORK, Respondent. — In an action to recover damages for malicious prosecution, plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated December 23, 1980, as granted the People's motion to quash a subpoena duces tecum requiring the District Attorney of Queens County to produce the minutes of the Grand Jury of the County of Queens, impaneled in the Supreme Court and held in and for the County of Queens for the regular February, 1974 Term, in criminal proceedings entitled The People of the State of New York v Frank Sonnenberg, Chester Eagleston, Gilbert Etheridge and Arnold Reekstin (Criminal Court Docket Nos. Q326920, 326921, 326922 and 326923). Order modified by adding to the decretal paragraph, after the word "granted", the words "except for the testimony of witness William Schmitt." As so modified, order affirmed insofar as appealed from, without costs or disbursements. The District Attorney shall produce the said testimony within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. The Grand Jury testimony of Detective William Schmitt was already made available to plaintiffs during the trial of the above-entitled criminal proceedings, pursuant to *People v Rosario* (9 NY2d 286). In view of this fact, and since plaintiffs cannot otherwise sustain their burden of proof in the instant action, in the interest of justice, the People should produce the minutes of Schmitt's testimony (cf. *Albert v Zahner's Sales Co.,* 51 AD2d 541). Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.