■ PERRY SKLARIN, Appellant, v JUDITH SKLARIN, Respondent. — In a matrimonial action, plaintiff appeals from an order of the Supreme Court, Nassau County (Delin, J.), dated February 18, 1981, which referred defendant's motion, *inter alia*, for an increase in alimony and child support, to Special Term, Part V, for a hearing and determination. Appeal dismissed, without costs or disbursements. The order from which appeal is sought is merely a ruling that the issues of whether to amend the judgment of divorce to increase the permanent alimony and child maintenance awards, and to allow recovery of a counsel fee, could not be determined on the papers submitted for Special Term's consideration and that an order of reference was needed. In *Bagdy v Progresso Foods Corp.* (86 AD2d 589), we held that an order directing a judicial hearing to aid in the disposition of a motion does not affect a substantial right (see CPLR 5701, subd [a], par 2, cl [v]), and is, therefore not appealable as of right. In accordance therewith, the instant appeal is dismissed. An appeal will lie from the order entered subsequent to the hearing. Lazer, J. P., Gulotta, Cohalan and Bracken, JJ., concur.

■ RHODA SWEET, Appellant, v JOHN MUZIO et al., Respondents, et al., Defendant. — In an action pursuant to article 15 of the Real Property Actions and Proceedings Law for a determination of certain claims to real property, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Roncallo, J.), dated August 4, 1981, which denied plaintiff's motion for summary judgment, granted judgment in favor of defendants Muzio, and ordered that the Nassau County Treasurer permit said defendants to redeem the tax lien three months from the date of the entry of said order and judgment. Order and judgment modified by deleting the second and third decretal paragraphs. As so modified, order and judgment affirmed, without costs or disbursements. Special Term improperly relied upon section 5-51.0 of the Nassau County Administrative Code, as it read prior to its amendment pursuant to Local Law No. 8, effective July 9, 1979, in determining whether plaintiff had established the validity of her claim to respondents' property under a tax deed issued by the county treasurer to plaintiff's predecessor in title. Section 5-51.0 of the code, as amended, provides in pertinent part that notices of redemption are to be served by certified mail, and applies to the notices allegedly sent in the instant case. Nevertheless, since there is a question of fact as to whether plaintiff's predecessor in title properly filed with the county treasurer the required documents as proof of service of the notices to redeem, pursuant to subdivision c of section 5-51.0 and section 5-53.0 of the Nassau County Administrative Code, summary judgment must be denied (see *Weinstein v All State Credit Corp.*, 31 NY2d 835). Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.