■ TIANNA DEL VALLE, an Infant, by Her Mother and Natural Guardian, MARTHA DEL VALLE, et al., Respondents, v COUNTY OF NASSAU, Appellant. — In a medical malpractice action, defendant appeals from an order of the Supreme Court, Nassau County (Balletta, J.), dated March 25, 1981, which held that defendant's motion for summary judgment could not be determined on the papers submitted to Special Term, and directed an immediate trial on the issues raised by said motion, pursuant to CPLR 3212 (subd [c]). Appeal dismissed, *sua sponte,* without costs or disbursements. (See *Bagdy v Progresso Foods Corp.,* 86 AD2d 589; *Rahbe v Rahbe,* 86 AD2d 603; *Sklarin v Sklarin,* 86 AD2d 606.) Damiani, J. P., Gibbons, O'Connor and Boyers, JJ., concur.

■ CLERIA H. DEMPSEY, as Administratrix of the Estate of OSCAR POMAR, Deceased, Appellant, v NATIONAL CAR RENTAL SYSTEM, INC., et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff administratrix of deceased Oscar Pomar appeals from a judgment of the Supreme Court, Queens County (Hammer, J.), entered January 17, 1980, which, *inter alia,* upon motion, dismissed her complaint against defendant Stephanopoulos also known as Farrell and, upon a jury verdict in favor of defendants Hector Pomar and National Car Rental System, Inc., dismissed her complaint against them. Judgment reversed and new trial granted, on the law, as against defendant Farrell and in the interest of justice as against defendants Pomar and National Car Rental System, Inc., with costs to abide the event. Plaintiff's decedent was a passenger in a van driven by defendant Hector Pomar and owned by defendant National Car Rental System, Inc., which was involved in an accident with a car owned and driven by defendant Farrell (nee Stephanopoulos). At trial, plaintiff called defendant Pomar who testified that he had been driving east on Queens Boulevard when, at the intersection of Albion Avenue, he made a left turn, at a time when a left-turn directional arrow was green in his favor and a traffic light for eastbound traffic on Queens Boulevard was red. He testified further that the vehicle was struck by defendant Farrell's car on the passenger side while headed north across the first lane for Queens Boulevard westbound traffic. So much of defendant Farrell's motor vehicle accident form was admitted into evidence as contained her admission that she was traveling westbound on Queens Boulevard at the time of the accident. By this evidence, plaintiff made out a prima facie case of negligence on the part of defendant Farrell, and the trial court erred in dismissing the complaint against her and submitting only the question of defendant Pomar's negligence to the jury. In view of the reversal as to defendant Farrell, in the interest of justice there must also be a new trial as to defendants Hector Pomar and National Car Rental System, Inc. (*Cregar v McDonald,* 28 AD2d 1142). We note that the trial court properly allowed into evidence only that portion of defendant Farrell's MV 104 form as contained her admission of the direction in which she had been traveling at the time of the accident. Bracken, J. P., Brown, Niehoff and Rubin, JJ., concur.