■ MANDEVILLE A. FROST et al., Appellants-Respondents, v ALBERTA F. HALVORSEN, as Administratrix of the Estate of KENNETH R. HALVORSEN, Deceased, et al., Defendants, and DANIEL ODESCALCHI, Respondent-Appellant. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal and defendant Daniel Odescalchi cross-appeals from an order of the Supreme Court, Dutchess County (Buell, J.), dated December 14, 1982, which ordered a traverse hearing on defendant Odescalchi's motion to dismiss the complaint for lack of personal jurisdiction. ¶ Appeal and cross appeal dismissed, without costs or disbursements. ¶ An order directing a judicial hearing to aid in the disposition of a motion does not affect a substantial right (CPLR 5701, subd [a], par 2, cl [v]) and is, therefore, not appealable as of right (see *Bagdy v Progresso Foods Corp.,* 86 AD2d 589). Consequently, Special Term's order which directs a hearing on the issue of authorized agency in order to enable it to determine if service was validly effected pursuant to sections 253 and 254 of the Vehicle and Traffic Law does not affect a substantial right of either party. ¶ Furthermore, defendant Odescalchi (hereinafter defendant) is not aggrieved by Special Term's finding that service of process upon him was defective under CPLR 308 (subd 2). Although said finding is adverse as to plaintiffs, the instant appeal by plaintiffs is premature. Since Special Term did not decide defendant's motion to dismiss the complaint for lack of personal jurisdiction owing to defective service of process, a substantial right of plaintiffs has not, as yet, been affected. After the hearing, the court may find that

the defendant's father was the authorized agent of defendant for the purpose of receiving registered mail. In that event, personal jurisdiction would have been acquired over defendant pursuant to sections 253 and 254 of the Vehicle and Traffic Law, regardless of Special Term's adverse finding as to service of process pursuant to CPLR 308 (subd 2). Thus, until defendant's motion to dismiss is decided, a substantial right of neither party has been affected. Accordingly, the appeal and cross appeal are dismissed. An appeal bringing up for review Special Term's statutory interpretations and findings as to service of process pursuant to CPLR 308 (subd 2) will lie from the order entered subsequent to the hearing (see *Sklarin v Sklarin,* 86 AD2d 606). Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.