■ MARY L. DEVINE, Respondent, v MILFORD DEVINE, JR., Appellant. — In a matrimonial action, defendant appeals from an order of the Supreme Court, Suffolk County (Geiler, J.), dated April 19, 1984 which ordered a hearing to determine whether plaintiff committed any type of fraud thereby causing defendant's default in the action. This appeal brings up for review so much of an order of the same court, dated August 7, 1984, as, upon reargument, adhered to its original determination to hold a hearing on that issue.

Appeal from the order dated April 19, 1984 dismissed, without costs or disbursements. Said order is superseded by the order dated August 7, 1984, made upon reargument.

Appeal from the order dated August 7, 1984, dismissed, without costs or disbursements.

An order directing a judicial hearing to aid in the disposition of a motion does not affect a substantial right (see CPLR 5701, subd [a], par 2, cl [v]), and is therefore not appealable as of right (see *Perez v Perez,* 100 AD2d 962; *Warner v Warner,* 88 AD2d 639; *Sklarin v Sklarin,* 86 AD2d 606; *Bagdy v Progresso Foods*

*Corp.*, 86 AD2d 589). This is true even if the hearing is limited in scope, as in the instant case. Therefore, this appeal is dismissed. Any party aggrieved by the order entered subsequent to the hearing may take an appeal (see *Perez v Perez, supra; Warner v Warner, supra; Sklarin v Sklarin, supra*). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.