State Farm Mutual Automobile Insurance Company, as Subrogee of ERIC PULETTI, Appellant,
against
Shade Omezie, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Donna Marie Golia, J.), entered December 4, 2015. The order granted the branch of defendant's motion, seeking, in effect, leave to renew her prior motion to vacate a default judgment entered against her, which prior motion had been denied in an order of the same court entered April 29, 2015, and, upon, in effect, renewal, granted the prior motion to the extent of ordering a traverse hearing.




ORDERED that the appeal is dismissed.
In 2003, plaintiff commenced this subrogation action to recover the sum of $1,935.18 for property damage to its subrogor's motor vehicle and rental expenses, as a result of a June 2002 accident. An affidavit of service indicates that defendant was served with process by the "affix and mail" method, pursuant to CPLR 308 (4). Defendant failed to appear or answer, and, after an inquest, a judgment in favor of plaintiff in the principal sum of $1,935.18 was entered on May 4, 2004.
In April 2015, defendant moved, among other things, to vacate the May 4, 2004 default judgment, claiming that she had not been aware of the action and that she had not been served with the pleadings. By order entered April 29, 2015, the Civil Court (Donna Marie Golia, J.) denied defendant's motion as untimely. In October 2015, defendant again moved to vacate the default judgment seeking, in effect, leave to renew her prior motion, and pointing out that the affidavit of service indicated that the premises where she had allegedly been served with the pleadings was a private house when, in fact, it was an apartment building, and she annexed photographs of the building.
By order entered December 4, 2015, from which plaintiff appeals, the Civil Court (Donna Marie Golia, J.) granted defendant's motion for, in effect, leave to renew her motion to vacate the default judgment, to the extent of ordering a traverse hearing.
No appeal lies as of right from an order setting a matter down for a traverse hearing (see CCA 1702 [a] [2]; Wheeler v McCreight, 34 Misc 3d 144[A], 2012 NY Slip Op 50143[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Citibank, N.A. v S & J Inzlicht, Inc., 8 Misc 3d 134[A], 2005 NY Slip Op 51174[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]; see also Frost v Halvorsen, 100 AD2d 608 [1984]), and we decline to grant leave to appeal [*2]therefrom.
Accordingly, the appeal is dismissed.
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 20, 2017