**MARTIN v. FORD MOTOR CO.**

No. 6137.

United States District Court
E. D. Michigan, S. D.

Oct. 31, 1950.

E. Cyril Bevan and J. Harrold Steffes, Detroit, Mich., for plaintiff.

Charles J. Fellrath, Duane E. Freese, John A. Moekle, and George E. Brand, Detroit, Mich., for defendant.

PICARD, District Judge.

Plaintiff sought to recover damages for an alleged wrongful termination of his contract with defendant by which plaintiff became a Ford dealer in Berkley, Michigan.

The contract, dated October 20, 1944, which did not provide that the dealership was to continue for any stated period of time, specifically provided that:

"(1) * * * It is intended that this agreement shall govern all relationships between Company and Dealer unless some such relationships shall be governed by another agreement in writing duly executed by an officer of Company."

"Termination

"(10) This agreement may be terminated at any time at the will of either party by written notice to the other party given either by registered mail or by personal delivery and such termination shall operate to cancel all orders for Company products theretofore received by Company and not delivered. It is, however, agreed in connection with such right of termination:

"Notice of Intention

"(a) That in case of termination by Company, notice of intention to so terminate shall be given to Dealer sixty (60) days prior to actual termination date by either of the methods of termination mentioned above, except (provision not here relevant.)"

"Assignment of Unfilled Orders

"(d) That, on termination of this agreement, Dealer will immediately turn over or assign by appropriate documents to Company, or its nominee, all unfilled retail orders and deposits made thereon and names and addresses of its service customers and prospective purchasers, it being intended that this clause shall operate immediately upon termination of this agreement as an assignment of Dealer's rights and interests in and to said orders and deposits."

It is admitted that, on September 25, 1946, defendant gave plaintiff the required written notice of intention to terminate the dealership effective 60 days thereafter and that on November 27, 1946 formal written notice of such termination was also given.

Extended pretrial hearings and pretrial cross examination of plaintiff were had, as a result of which certain of the claims of plaintiff were abandoned by him, including plaintiff's claim that he did not receive his fair allocation of the Company's products. His claim finally narrowed down to seeking damages on the theory that he should have been permitted to continue his dealership until all orders he had could be filled and that the termination of his agreement without giving him that privilege was not fair or within the intent of the agreement, but was in bad faith.

At the conclusion of the opening statement to the jury by plaintiff's attorney the defendant made a motion for entry of judgment of no cause of action, on the ground, inter alia, that the agreement had been legally terminated by defendant.

Defendant's motion was supported by written brief delivered to the court and to plaintiff's attorney, and an adjournment over the day was had for oral arguments, which then followed. After careful consideration the Court concluded that the motion should be granted and verdict of no cause of action should be directed; the court to file formal findings and conclu-sions. Accordingly the court finds and concludes that, under the law of Michigan, the provisions of the agreement dated October 20, 1944 with respect to termination were valid, effective and enforceable and by reason thereof defendant had the right to and did lawfully terminate said agreement and the dealership thereunder, and that such right to terminate was not subject to question on the ground of unreasonableness, unfairness, lack of good faith, bad faith or because of motive, intent or resultant detriment to plaintiff.

The agreement in this case was not for a fixed period but was terminable at any time at defendant's will upon compliance with the requirement as to notice. It is beyond the power of the judiciary to engraft conditions upon the exercise of such a contractual right.

The court concurs with the holding in Bushwick-Decatur Motors, Inc. v. Ford Motor Co., 2 Cir., 1940, 116 F.2d 675 as properly applying the law of Michigan with respect to the right of termination under a similar agreement, and with the holdings in Buggs v. Ford Motor Co., 7 Cir., 1940, 113 F.2d 618. The Supreme Court of Michigan by its decision in J. R. Watkins Co. v. Rich, 1931, 254 Mich. 82,[1] 235 N.W. 845, did not overrule prior decisions such as Koehler v. Buhl, 1893, 94 Mich. 496, 54 N.W. 157; Garlock v. Motz Tire & Rubber Co., 1916, 192 Mich. 665, 159 N.W. 344; Schmand v. Jandorf, 1913, 175 Mich. 88, 140 N.W. 996; Fuchs v. Standard Thermomenter Co., 1913, 178 Mich. 37, 144 N.W. 484. Also McClintock Co. v. Truxall Sales & Service, Inc., 1941, 297 Mich. 284, 297 N.W. 493.

In the instant case it is clear that Martin's dealership was to continue no longer than either he or the Ford Motor Company desired it to continue and that its right to terminate it was subject to no conditions as to good or bad faith, motive, intent or results, except as to the requirement of advance notice if such termination was desired by the Ford Motor Company.

1. Referred to in the Bushwick-Decatur case and as to which extensive arguments were heard, supplemented by excerpts from the printed records and briefs therein.