Abraham J. Gellinoff, J.
In its decision on this motion dated August 22, 1962, the court in granting the motion directed that damages be assessed. This was erroneous. The plaintiff is *217 suing for a stated sum, and the defendant has acknowledged that such sum is due, subject to its counterclaim. Since the counterclaim has been dismissed, there is no need for an assessment of damages. Accordingly, the decision dated August 22, 1962 is recalled and the decision is as follows:
This is a motion for judgment on the pleadings and for summary judgment. The first cause of action is to foreclose a mechanic’s lien. The second cause of action is on the guarantee of the contract by the answering defendants. The subject matter of the mechanic’s lien is an aerial ride supplied to Freedomland, an amusement park, pursuant to a contract.
The answer admits the contract. It denies performance on the part of the plaintiff, and denies paragraph “ 13 ” of the complaint which alleges the filing of the notice of lien and sets forth the contents of said notice. The defendant International Recreation Corporation denies the guarantee obligation set forth in the second cause of action.
The defendant Freedomland, Inc., also pleads a counterclaim. The contract in question contains a stipulation or condition that “ The customer will not be allowed to set off his commitments to us with any counterclaim ’ ’. Such clause is not against public policy (Linker v. Herard, 13 Misc 2d 445; Amazon Management Corp. v. Paff, 166 Misc. 438) and it precludes defendant Freedomland, Inc., from setting up the counterclaim herein. Having agreed not to assert any counterclaim as a setoff, the defendant may not now urge it to defeat or delay the action. Accordingly, the counterclaim is dismissed, without prejudice to an independent action thereon.
The defense to this action is that the plaintiff has failed to perform the terms of the contract. However, defendant Freedomland, Inc., by its own bill of particulars, admits that the aerial ride was in operation for 902 hours during the first year that it was installed. Notwithstanding that the aerial ride was out of operation when the steel cable broke, and that the defendant attributes this breakdown to a mechanical design defect, the fact remains that, nowhere in the contract is reference made to mechanical design.
The plaintiff has shown complete compliance with the terms of the contract. The defendant Freedomland, Inc., has shown that the aerial ride was in operation. The defendant Freedom-land, Inc., has failed to show any part of the contract that was not performed or that a factual issue exists which should be decided by a trial. The submitted papers show a good cause of action and that there is no defense. As to the second cause of action, likewise, the defendants have failed to show a defense. *218 If there be in truth nothing to be tried, summary judgment is in order (Schillinger v. North Hills Realty Corp., 15 A D 2d 539).
Accordingly, the counterclaim is dismissed, without prejudice. Summary judgment is granted on both causes of action and judgment is directed for the plaintiff in the amount of $74,263.03. In view of the foregoing, the motion for judgment on the pleadings need not be passed upon.