Cecil A. PARKS, Plaintiff-Appellant,

v.

BALDWIN PIANO AND ORGAN COMPANY and Albert McConnell, Defendants-Appellees.

No. 63, Docket 31198.

United States Court of Appeals
Second Circuit.

Argued Oct. 3, 1967.

Decided Nov. 24, 1967.

Alfonse C. Fasano, New Haven, Conn., for plaintiff-appellant.

Richard L. Hershatter, New Haven, Conn., for appellee, McConnell.

J. Leland Brewster II, Kyte, Conlan, Wulsin & Vogeler, Cincinnati, Ohio (Robert B. Snow, Jr., Wiggin & Dana, New Haven, Conn., on the brief), for appellee, Baldwin Piano and Organ Co.

Before FRIENDLY, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

Cecil A. Parks, who had held a dealership with the Baldwin Piano & Organ Company of Ohio since 1955, moved his business to New Haven, Connecticut in 1960, where he continued to sell Baldwin products under a consignment agreement, terminable "at any time" upon written

notice by either party.[1] The Agreement also gave Baldwin the right at any time to demand the return of its merchandise.[2] On January 22, 1964, Parks received oral notice that Baldwin was terminating his dealership, but he did not receive the written notice until January 25th. On January 23, 1964, Baldwin took possession of all the merchandise consigned to Parks and delivered it to McConnell, the new representative of Baldwin in New Haven. Parks instituted this action charging Baldwin with breach of contract and both defendants with conspiracy to destroy his business.

Although removal of the consigned stock prior to written notice of dealership termination and without any other form of notice, might ordinarily constitute a technical breach of contract, it was explicitly authorized under the agreement. Its unambiguous terms also left Parks vulnerable to the summary termination of his dealership by Baldwin and it is beyond the province of this court to imply limitations or conditions on the exercise of a power to terminate, so unmistakably expressed. Bushwick-Decatur Motors v. Ford Motor Co., 116 F.2d 675 (2 Cir. 1940). Under the applicable Ohio law, a competent contracting party will not be relieved of the harsh effects of his own voluntary agreement, Ullmann v. May, 147 Ohio St. 468, 72 N.E. 2d 63 (1947), and the appellant's reliance on provisions of the Uniform Commercial Code is misplaced because they were not effective in Ohio at the time this Agreement was entered into.

Parks' claim that his distributorship was secured to him by virtue of a pre-existing parol agreement is not supported by the affidavits submitted in connection with defendants' motions for summary judgment. He points to no specific conversation or undertaking which might have given rise to such an understanding. The most that can be said is that over the years Baldwin's advertising and the overall "image" of the Company led Parks to believe that he had been accepted as a permanent member of the "Baldwin Family." This was plainly insufficient to avoid entry of summary judgment.

We affirm.

---

1. "XVIII. This contract may be terminated at any time by either party on written notice to the other, and is to be construed and performed in accordance with the laws of the State of Ohio, no matter where executed."

2. Clause XII in pertinent part read as follows:
   " * * * upon demand of Consignor, Consignee shall return any or all instruments * * * to the factory of Consignor in Cincinnati, Ohio, or to such other place as Consignor may designate * * * "