**B. E. deTREVILLE, Jr., d/b/a the Sports
Center, Appellant,**

v.

**OUTBOARD MARINE CORPORATION,
Evinrude Motors Division, Appellee.**

No. 15153.

United States Court of Appeals,
Fourth Circuit.

Argued March 2, 1971.

Decided March 25, 1971.

Carl C. Hendricks, Jr., Beaufort, S. C.
(John W. Hendrix, Savannah, Ga., on
the brief), for appellant.

William M. Bowen, Beaufort, S. C.
(Dowling, Dowling, Sanders & Dukes, P.
A., Beaufort, S. C., on the brief), for
appellee.

Before HAYNSWORTH, Chief Judge,
BRYAN, Circuit Judge, and MERHIGE,
District Judge.

HAYNSWORTH, Chief Judge.

The plaintiff appeals from the grant-
ing of summary judgment for the de-
fendant in his action for wrongful ter-
mination of a dealer franchise agree-
ment. Because judgment was granted
on the basis of misapprehension of the
requirements of the plaintiff's cause of
action, we must reverse.

The complaint alleged that deTreville
had been a franchised Evinrude dealer
for some nine years under annual dealer-
ship contracts, the most recent renewal
of which had occurred in September,
1968. It alleged that throughout the
franchise period deTreville had faithful-
ly performed his obligations, had built
up a substantial clientele and had invest-
ed heavily in Evinrude equipment, re-

placement and repair parts and service facilities and tools. It further alleged that on November 26, 1968 the defendant, arbitrarily and without cause, terminated the agreement and awarded the franchise to a competitor, refusing to repurchase the plaintiff's stock of supplies and equipment and otherwise causing material damage to his business and reputation.

The franchise agreement contains in express terms a right in either party to terminate the agreement without cause upon thirty days' notice. The district court, holding that this provision provided a complete defense in the absence of fraud or duress, granted summary judgment on the plaintiff's failure to specify any fraudulent act of the defendant or its agents in the termination of the agreement.

 Although some states may give full effect to broad unilateral powers of termination,[1] South Carolina, whose law governs here, does not. It is settled law in that state that regardless of broad unilateral termination powers, the party who terminates a contract commits an actionable wrong if the manner of termination is contrary to equity and good conscience. Philadelphia Storage Battery Co. v. Mutual Tire Stores, 161 S.C. 487, 159 S.E. 825; Gaines W. Harrison & Sons v. J. I. Case Co., E.D.S. C., 180 F.Supp. 243.[2] That standard of conduct is far more stringent than one forbidding only actual fraud, and it may apply to an unconscionable reason for termination as well as to the causing of needless injury in the course of termination. Gaines W. Harrison & Sons v. J. I. Case Co., supra. Although the formal claim in Philadelphia Storage Battery Co. utilized the term "fraud," the actual conduct alleged was little different from that claimed here, and the opinion of the South Carolina Supreme Court does not

indicate that semantics played any part in its decision.

The complaint in this case lacks specificity in its allegations of wrongful conduct. However, that defect may be corrected on remand by amendment to better put the defendant on notice of the details of the claim it is expected to meet.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

1. Cf. Bushwick-Decatur Motors, Inc. v. Ford Motor Co., 2 Cir., 116 F.2d 675.

2. See also Deering Milliken Research Corp. v. Textured Fibres, Inc., D.S.C., 310 F. Supp. 491, 499. There are indications

that South Carolina's early adherence to this view may have anticipated a national trend. See Uniform Commercial Code, §§ 2–309, 1–203: Code Commentary § 2–309.