The GILBERT AND BENNETT
MANUFACTURING COMPANY

v.

LONG TRUCK LINES, INC. and
Glosson Enterprises, Inc.

Civ. No. B–83–392.

United States District Court,
D. Connecticut.

Nov. 17, 1983.

Robert A. Maynes, Bentley, Lane, Mosher & Babson, Stamford, Conn., for plaintiff.

John B. Nolan, Day, Berry & Howard, Hartford, Conn., for Glosson Enterprises.

Kevin A. Coles, Cotter, Cotter & Sohon, Bridgeport, Conn., for Long Truck Lines.

## RULING ON PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

DORSEY, District Judge.

In this action brought principally under the Interstate Commerce Act for alleged damage to goods shipped interstate under a bill of lading, plaintiff moved, under dates of September 12, 1983, and October 13, 1983, respectively, to strike as insufficient affirmative defenses contained in the answers of defendants Long Truck Lines, Inc. (Long Truck) and Glosson Enterprises, Inc. (Glosson). As the two motions are virtually identical, they will be disposed of jointly. For the reasons set forth below, the motions are granted and the specified defenses are hereby stricken.

The complaint is in four counts. Count I claims against Long Truck under 49 U.S.C. § 11707, entitled "Liability of common car-

riers under receipts and bills of lading." Count II claims against Glosson under the same section. Count III claims against both defendants under the same section, alleging Glosson as the common carrier and agent of Long Truck. Count IV sounds in negligence against Glosson and comes under the pendent jurisdiction of this court.

By way of special defense to all counts, Long Truck asserts that (1) the plaintiff has failed to state a claim upon which relief can be granted; and (2) any and all damages occurring are attributable to Glosson as an independent contractor of Long Truck. The answer also asserted a cross claim against Glosson. For its part, Glosson's first two special defenses assert (1) plaintiff has failed to state a claim upon which relief can be granted against Glosson; and (2) any damage occurring is attributable to the negligence of a third party motor vehicle operator, not now a party to this action.

Under Fed.R.Civ.P. 12(f), upon motion or a court's own initiative, "the court may order stricken from any pleading any insufficient defense . . . ." A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear. 2A Moore's Federal Practice ¶ 12.21 at 2437 (1983). Despite this narrow standard for determining legal sufficiency, *Mohegan Tribe v. Connecticut*, 528 F.Supp. 1359, 1362 (D.Conn.1982), a motion to strike should be granted where the legal insufficiency of the defense is clearly apparent. *May Dept. Stores v. First Hartford Corp.*, 435 F.Supp. 849, 855 (D.Conn.1977).

The defenses sought to be stricken here are clearly insufficient and must be stricken. The defense of failure to state a cause of action is insufficient in that plaintiff has alleged all that the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 11707) requires to state a cause of action against the defendants. Long Truck's noting in its opposing memorandum that this defense was asserted only

for lack of time to adequately investigate the basis of the claim explains the pleading but fails to demonstrate any legal sufficiency in the defense. Glosson has not filed a memorandum in opposition to the motion, hardly a reflection of confidence in the legal sufficiency of its pleading under challenge.

Long Truck's second defense, which essentially summarizes its cross claim against Glosson, is also insufficient in that it does not constitute an avoidance but rather a claim for indemnity. The defense is thus misdirected and at best redundant of its cross claim which is not a legal excuse from liability to the plaintiff. Glosson's second defense purports to avoid liability by an assertion of negligence on the part of a third party. Pointing the finger of fault at another does not excuse one from liability for its own conduct. Thus, both must be stricken in the face of plaintiff's motion.

Accordingly, both of Long Truck's special defenses and the first two special defenses of Glosson must be stricken as insufficient under Rule 12(f).

SO ORDERED.