**MIDDLETOWN PLAZA ASSOCIATES**

v.

**DORA DALE OF MIDDLETOWN, INC.**

No. Civ. H–85–7 (PCD).

United States District Court, D. Connecticut.

Nov. 19, 1985.

Jacob D. Zeldes, William C. Longa, Zeldes, Needle & Cooper, Bridgeport, Conn., for plaintiff.

Michael A. Katz, Bridgewater, Conn., Paul H. Appel, Friedman, Leeds & Shorenstein, New York City, for defendant.

## RULING ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND TO DISMISS COUNTERCLAIMS

DORSEY, District Judge.

*Background*

Plaintiff brings this action to recover sums owed to it pursuant to a commercial lease. Plaintiff alleges that defendant has failed and refused to pay certain sums of money owed to it under the terms and conditions of the commercial lease and amendments. In its answer, defendant sets forth three affirmative defenses and counterclaims. In response thereto, plaintiff has moved to strike as insufficient all affirmative defenses and to dismiss all counterclaims.

*Discussion*

1. *Plaintiff's Motion to Strike Affirmative Defenses*

Defendant's first affirmative defense alleges that plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff asserts that the complaint sets forth all of the necessary elements of its asserted claim and moves to strike this affirmative defense as legally insufficient. Motions to strike are generally not favored. *See* 2A Moore's Federal Practice ¶ 12.21[2] (2d ed. 1985). *See also, Salcer v. Envicon Equities,* 744 F.2d 935, 939 (2d Cir.1984). A motion to strike a defense "will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Gilbert & Bennett Mfg. v. Long Truck Lines, Inc.,* 574 F.Supp. 176, 177 (D.Conn.1983). Although the standard for determining the legal sufficiency of a defense is a narrow one, a motion to strike may be granted where the legal insufficiency of that defense is "clearly apparent." *May Dept. Stores v. First*

*Hartford Corp.,* 435 F.Supp. 849, 855 (D.Conn.1977) quoting Wright and Miller, *Federal Practice and Procedure,* Civil § 1381 at 802 (1969).

Defendant's first affirmative defense is clearly insufficient and must be stricken. Both counts of plaintiff's complaint sufficiently state claims upon which relief may be granted. The first count alleges that the lease, signed by both parties, obligated defendant to make "certain specified payments" as well as a fixed annual minimum rental. It further alleges that defendant has failed to make the specified payments required of it under the lease and amendments thereto. These allegations sufficiently state a cause of action for money owed under a lease. The second count sufficiently states the necessary elements of a quantum meruit claim, alleging that defendant benefited from services provided by plaintiff pursuant to an agreement providing for payment therefor. A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Both counts of plaintiff's complaint sufficiently state a claim upon which relief may be granted. The motion to strike defendant's first affirmative defense is granted.

Defendant's second affirmative defense alleges that "plaintiff is indebted to defendant for sums which are in excess of the amounts demanded in the complaint," and that "plaintiff must offset such sums against any accounts to which it might otherwise be affected." Defendant's Answer and Counterclaim. Plaintiff asserts that defendant's set-off claim is not an affirmative defense, but rather a counterclaim. Plaintiff further asserts that the court should redesignate the defense as a counterclaim and, therefore, dismiss it with defendant's other counterclaims.[1] Defend-

---

**1.** A provision in the lease agreement expressly prohibits defendant from bringing a counter-

claim in any action by plaintiff for the nonpayment of rent. Plaintiff, therefore, seeks to have

ant claims that a set-off is an affirmative defense. The nature and circumstances of this claim are not identified, making it difficult to ascertain whether defendant's claim is a set-off or a recoupment. Defendant merely asserts that its claim is a setoff and cites cases which characterize a set-off as an affirmative defense. Defendant's citations do not support a set-off as generally recognized to be an affirmative defense. Instead, these cases merely suggest that a particular type of set-off may, in certain circumstances, be treated as an affirmative defense. In general, both set-offs and recoupments are to be pleaded as counterclaims rather than affirmative defenses. *See* 3 Moore's, *Federal Practice* ¶ 13.02 at 13 n. 1 (2d ed. 1985); 6 C. Wright & A. Miller, *Federal Practice and Procedure, Civil* § 1401 (1971 & Supp.1982). *See also, First Nat'l Bank of Louisville v. Master Auto Serv. Corp.,* 693 F.2d 308, 310 (4th Cir.1982) ("set-off is a counterclaim arising from an independent claim the defendant has against the plaintiff"); *Complaint of American Export Lines, Inc.,* 568 F.Supp. 956, 961 (S.D.N.Y.1983) ("a counterclaim for recoupment must arise from the same transaction or occurrence as the plaintiff's claim"). Since both recoupments and set-offs are treated as counterclaims, it is unnecessary to determine whether defendant's claim is a set-off or a recoupment. *See* 3 Moore's, *Federal Practice* ¶ 13.02 at 13 n. 1. Defendant's second claim against plaintiff is deemed a counterclaim and, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, will be treated as if it had been properly pleaded as such and plaintiff's motion to strike defendant's second affirmative defense is denied.

■ Defendant's third affirmative defense alleges that "[p]laintiff has knowingly violated [its] warranty of habitability and is therefore barred from obtaining the relief [it] seeks." Plaintiff asserts that breach of warranty of habitability is not a defense in an action for rent due under a commercial lease unless the breach causes a constructive eviction, meaning actual abandonment of the premises by the tenant necessitated by the breach of the warranty. Defendant relies primarily on *Haskill v. Surita,* 109 Misc.2d 409, 439 N.Y.S.2d 990 (Civ.Ct.1981), to support the validity of this type of affirmative defense. Although *Haskill* is distinguishable from the present case in that it deals with counterclaims rather than affirmative defenses, the most damaging defect in defendant's third affirmative defense is the lack of specificity of its allegations. Under New York law, which is controlling in this case,[2] there must be a constructive eviction, a condition effectively precluding defendant's use of the premises before a breach of warranty of habitability may be the basis for a defense in an action for rent due under a commercial lease. Defendant's allegations do not set forth the elements of a constructive eviction. However, granting plaintiff's motion to strike in this circumstance is not appropriate. "Motions to strike are not favored and should not be granted unless the allegations attacked have no possible relation to the controversy . . . ." *Salcer v. Envicon Equities,* 744 F.2d at 939. There is a genuine possibility that defendant can set forth allegations that do state the requisite elements of a constructive eviction. Therefore, decision on plaintiff's motion to strike defendant's third affirmative defense is reserved at this time and defend-

defendant's second affirmative defense redesignated as a counterclaim and dismissed with the other counterclaims. For a discussion of this court's dismissal of all defendant's counterclaims *see infra* at 1166.

**2.** The facts surrounding this case raise the initial issue of what law controls when the parties to the agreement execute the lease in Connecticut while the leased premises are in New York. Generally, if a contract "(i)s to have its operative effect or place of performance in a jurisdic-

tion other than the place where it was entered into, [Connecticut's] rule is that the law of the place of operative effect or performance governs its validity and construction." *Whitfield v. Empire Mut. Ins. Co.,* 167 Conn. 499, 506, 356 A.2d 139 (1975) quoting *Breen v. Aetna Cas. & Sur. Co.,* 153 Conn. 633, 637, 220 A.2d 254 (1966). *See also, Masarjian v. Mark Lighting Fixtures Co.,* 595 F.Supp. 869, 870–71 (D.Conn. 1984).

ant is granted leave to amend its allegations within fourteen (14) days of the date of this order. If defendant amends, the motion will be denied as of the amendment. If defendant fails to amend, as authorized, the motion to strike will be granted as of fourteen (14) days from the date of this order. If the amendment does not satisfy the above stated criteria, plaintiff may renew its motion.

### 2. *Plaintiff's Motion to Dismiss Counterclaims*

 Since plaintiff's motion to dismiss defendant's counterclaims questions the sufficiency of defendant's answer, all allegations contained in the pleadings must be deemed true for the purposes of this motion. *See A.T. Brod & Co. v. Perlow*, 375 F.2d 393 (2d Cir.1967); *Laub v. Genway Corp.*, 60 F.R.D. 462 (D.Conn.1973). Plaintiff's motion to dismiss defendant's counterclaims is premised upon a provision in the lease which expressly prohibits defendant from bringing a counterclaim in any action by plaintiff for the nonpayment of rent. Defendant raises two arguments for the validity of its counterclaims. First it argues that the waiver of the right to counterclaim only applies to plaintiff's claims based expressly on the lease, but not to the unjust enrichment claim and, second, that a waiver of the right to counterclaim is within the discretion of the court and should not be enforced. Both of these arguments are without merit. Defendant's assertion that the waiver only applies to the claim based on the lease ignores the express and unambiguous language of the lease. The lease specifically states that defendant's waiver applies in "any proceeding" for the nonpayment of rent. Furthermore, its reliance on *Waldman v. Englishtown Sportswear, Ltd.*, 92 A.D.2d 833, 460 N.Y. S.2d 552 (1st Dept.1983), is misplaced. *Waldman* merely discusses the propriety of actions to recover on theories of unjust enrichment or quasi contract. The case neither deals with nor discusses counterclaim waivers, and in no way suggests that waivers apply only to claims based on a lease and not to other proceedings related

to it. The express language of the lease agreement is too clear to attach such a meaning to it. Finally, defendant's assertion that this court should not enforce the waiver provision is also rejected. Plaintiff correctly relies on New York law to support the proposition that contractual agreements which waive the right to assert a counterclaim are enforceable. *See DeRoll Iron Works v. Webb & Knapp*, 36 Misc.2d 216, 232 N.Y.S.2d 111 (Sup.Ct. Bronx Co. 1962); *Orlowsky v. East House Enterprises, Inc.*, 32 Misc.2d 664, 228 N.Y.S.2d 19 (Sup.Ct.App. Term, 1st Dept.1961). Defendant's allegations do not compel the court to invalidate the contractual waiver. Therefore, plaintiff's motion to dismiss defendant's counterclaims is granted.

SO ORDERED.