■ HELAINE MORRIS, Appellant, v. MELVIN MORRIS, Respondent.— In an action for separation, plaintiff appeals from two orders and a judgment of the Supreme Court, Westchester County, as follows: (1) an order dated

May 25, 1967, which denied plaintiff's motion to reargue her prior motion to punish defendant for contempt of court; (2) the judgment dated December 22, 1967 which granted her a separation; and (3) an order dated March 12, 1968, which denied her motion to resettle the judgment. The appeal from the judgment is from only such portions thereof as (a) awarded her the respective sums of $200 and $400 per week for support of herself and of the five children of the marriage; (b) denied her above-mentioned prior motion to punish defendant for contempt of court (after hearing proofs thereon) and granted defendant certain credits against support moneys due plaintiff; (c) directed that maintenance expenses of the marital home be paid out of the alimony; (d) granted defendant rights of visitation with the children; and (e) limited the award to plaintiff for counsel fees to $10,000. Appeal from order of May 25, 1967 dismissed. No appeal lies from an order denying a motion for reargument. Further, the reargument sought was of a prior motion by plaintiff and a prior cross motion by defendant, which were determined by an order of the same court, made March 27, 1967, directing a hearing to be held by the court on said prior motions (plaintiff's motion to punish defendant for contempt of court and defendant's cross motion to reduce his obligations under the *pendente lite* order of the court which he had allegedly disobeyed) ; and the March 27, 1967 order was thus only preliminary to the disposition of the prior motions and therefore did not affect a substantial right and would not itself have been appealable (see 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5701.16). We have, however, examined the merits of the appeal from the May 25, 1967 order and were we not dismissing that appeal, we would affirm the order. Order of March 12, 1968 reversed, on the law and the facts, and plaintiff's motion to resettle the judgment granted to the following extent, and judgment modified accordingly, on the law and the facts: (1) by striking from the ninth decretal paragraph of the judgment the figures " $33,760.00 " and " $4,145.99 " and substituting therefor, respectively, " $34,560 " and " $1,295.76 "; (2) by adding to Schedule A annexed to the judgment an item of $600 for the support payment due on November 23, 1966 and increasing the total amount of said Schedule A from $33,760 to $34,560; (3) by striking from Schedule D annexed to the judgment the items listed therein in the following order : 1, 2, 3, 4, 5, 6, 7, 11, 14, 16, 17 and 25 and reducing the total amount of said Schedule D from $4,145 to $1,295.76; and (4) by adding a provision to the ninth decretal paragraph of the judgment that a hearing shall be had before the trial court on the issue of whether said items hereinabove struck from Schedule D represent payments by defendant for charges incurred prior to July 2, 1967 and that the judgment may be amended after determination of that issue. Judgment, as so modified, affirmed insofar as appealed from. Application by appellant to this court for an award of an additional counsel fee upon these appeals (pursuant to leave granted by an order of the Special Term dated October 2, 1968) denied. No costs or disbursements are allowed on any of the appeals. Examination of the computation of Schedule A annexed to the judgment indicates that a mathematical error of $200 was inadvertently made. In addition, the trial court failed to include the $600 due on November 23, 1966 for alimony and support. Also, while we believe that the judgment contemplates that defendant is to receive credit for payments made for repairs and maintenance of the marital home incurred after July 2, 1967, there is an issue, which requires a hearing, as to whether the items which we are striking from Schedule D and relegating to a hearing represent payment for repairs and maintenance performed prior to July 2, 1967. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.