(April 2, 1979)

■ LINDA AGHABEKIAN et al., Appellants, v BAYSIDE HILLS ASSOCIATES, Respondent. (Action No. 1.) LINDA AGHABEKIAN et al., Appellants, v A. J. CLARK MANAGEMENT CORPORATION, Respondent. (Action No. 2.)—Appeal by plaintiffs in Actions Nos. 1 and 2 from an order of the Supreme Court, Queens County, dated December 21, 1977, which (1) denied their motion to consolidate the actions and to dismiss the affirmative defenses in Action No. 2 and (2) granted the application of the defendant in Action No. 2 for summary judgment dismissing the complaint in that action. Order reversed, on the law, with $50 costs and disbursements, the motion of defendant in Action No. 2 for summary judgment is denied and plaintiffs' motion is granted only to the extent of directing that Action No. 2 be consolidated for trial with Action No. 1 and is otherwise denied. The pleadings raise triable issues of fact which may be resolved only upon trial. Since the actions involve common questions of fact and are both pending before the court, consolidation is proper (see CPLR 602, subd [a]). Hopkins, J. P., Suozzi, Cohalan and Margett, JJ., concur.

■ ALFRED D. GERONIMO, INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In an action to recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Kings County, dated September 1, 1978, which (1) set the matter down for a hearing before Mr. Justice Cone to hear and report on the question of whether the settlement of this case was final or subject to the approval of the Comptroller of the City of New York and (2) held the motions of the parties in abeyance pending the "determination and conclusion of the hearing". Appeal dismissed, without costs or disbursements. The order in dispute is a reference for a hearing in aid of determining prior motions by the parties. As such, it is not appealable. (See *Williams Lbr. v Sigloch,* 277 App Div 1043; *Morris v Morris,* 33 AD2d 786.) We note that the Judge to whom reference was directed has retired and it would therefore appear necessary for the Judge directing reference to reconsider his order in light of that fact. Hopkins, J. P., Suozzi, O'Connor and Shapiro, JJ., concur.

■ BANK OF NEW YORK, Appellant, v LOUIS CARIELLO, Also Known as LOUIS CARRIELLO, Individually and Doing Business as COIN-OP LAUNDROMAT, et al., Respondents.—In an action on a promissory note and a written guarantee thereof, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated September 29, 1978, which denied its motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and plaintiff is awarded summary judgment against defendants in the sum of $11,512.31, with interest. The action is remanded to Special Term to hear and determine plaintiff's fair and reasonable attorney's fees. One who contests a motion for summary judgment must present sufficient proof to demonstrate the existence of a genuine triable factual issue *(Andre v Pomeroy,* 35 NY2d 361; *Di Sabato v Soffes,* 9 AD2d 297). Defendants raised no genuine triable issue of fact as to their liability on the note and guarantee. The right to interpose a counterclaim was waived by defendants in the promissory note and guarantee and, therefore, one may not be maintained in this action. We do not rule on the sufficiency of paragraph 4 of the answer insofar as it may be alleged as the basis of a complaint in an independent action. Titone, J. P., O'Connor, Margett and Martuscello, JJ., concur.