## Second Department, January, 1982

### (January 18, 1982)

■ Raymond Bagdy, Respondent-Appellant, v Progresso Foods Corporation, Appellant-Respondent, et al., Defendant. — In a negligence action to recover damages for personal injuries, defendant Progresso Foods Corporation (Progresso) appeals, and plaintiff cross-appeals, from an order of the Supreme Court, Westchester County (Gagliardi, J.), dated February 4, 1981, which, upon defendant Progresso's motion to dismiss the complaint as time barred (CPLR 3211, subd [a], par 5), and upon plaintiff's assertion of a toll of the Statute of Limitations (CPLR 207, 214), directed that a hearing be held at Special Term, Part III-a, on the issue of whether defendant Progresso, during the limitations period, was amenable to service of process capable of subjecting it to the personal jurisdiction of the courts of this State. Appeals dismissed, *sua sponte,* without costs or disbursements. An order directing a judicial hearing to aid in the disposition of a motion does not affect a substantial right (CPLR 5701, subd [a], par 2, cl [v]), and is, therefore, not appealable as of right. (See *Morris v Morris,* 33 AD2d 786, 787; cf. *Alfred D. Geronimo, Inc. v Board of Educ.,* 69 AD2d 805; *Mortgagee Affiliates Corp. v Jerder Realty Servs.,* 62 AD2d 591, 594-595, affd [insofar as it relates to the appeal determined on the

merits] 47 NY2d 796; *Williams Lbr. v Sigloch,* 277 App Div 1043, 1044; *Manufacturers Trust Co. v Madgo Realty Corp.,* 256 App Div 954; cf., also, *Baker, Voorhis & Co. v Heckman,* 28 AD2d 673.) It should be noted, however, that *Barocas v PMG Holding Corp.* (36 AD2d 763), which involved an action to foreclose a mortgage on real property, is distinguishable. There, plaintiffs appealed from so much of an order, "as, *after* denying respondents' motion to vacate an order appointing a receiver, directed a hearing to be held for a determination as to whether the making of the mortgage constituted criminal usury in violation of section 190.40 of the Penal Law." (*Barocas v PMG Holding Corp., supra;* emphasis added.) The motion to vacate had been disposed of by Special Term. The separate hearing, therefore, was not ordered to aid in the determination of that motion, "but to obtain an advance determination, prior to the trial, of but one of the issues raised by the pleadings." The *Barocas* court found that to force plaintiffs to litigate a trial issue in a separate pretrial hearing was an abuse of discretion and appealable. By citing *Davidson v Sterngass* (279 App Div 875), it drew an analogy to an order granting a motion for a reference to an official referee to hear and determine, pursuant to CPLR 4317 (subd [b]). There, as in *Barocas,* the order appealed from limited the right of the party opposing the motion to have a full trial, whether by a Judge or jury, of all issues raised by the pleadings. This is the essence of the order appealed from in *Barocas* (*supra*) and the substantive right affected (CPLR 5701, subd [a], par 2, cl [v]). Here Special Term simply ordered a hearing *to aid in the disposition of a motion,* which was brought, pursuant to CPLR 3211 (subd [a], par 5), to dismiss the cause of action as barred by the Statute of Limitations. It is our opinion that such an order constituted an exercise of discretion affecting no substantial right, warranting dismissal of the instant appeals. Mangano, J. P., Weinstein, Thompson and Bracken, JJ., concur.