■ DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants, v HARLEY RENDEZVOUS, INC., Respondent.—Casey, J. P. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered January 30, 1986 in Albany County, which, *inter alia,* ordered a judicial hearing on the issue of whether personal jurisdiction was acquired over defendant.

In contravention of the terms of a preliminary injunction obtained by plaintiffs, defendant held a motorcycle rally, as planned, on June 21, 22 and 23, 1985 in the Town of Duanesburg, Schenectady County. On June 24, 1985, plaintiffs obtained an order to show cause for an order holding defendant in contempt. The show cause order authorized service either upon Mark Pelersi, described as the attorney-of-record for defendant, or upon defendant. Service was actually made upon Pelersi and one Carol A. De Cola, alleged to be a proper person upon whom personal service could be effected under CPLR 311. Pelersi served a notice of cross motion, dated June 28, 1985, together with a supporting affidavit alleging that he had been discharged as the temporary receiver of defendant and was not defendant's attorney-of-record, and that, therefore, service upon him did not result in personal jurisdiction over defendant.

On the July 1, 1985 return date of the motion and cross motion, Pelersi appeared, but informed the court that he was not representing defendant. Special Term, by order dated July 3, 1985, held that personal jurisdiction over defendant had been acquired by proper service and that defendant had failed to appear and, therefore, had defaulted; a hearing was ordered to determine the extent of the contempt. The hearing was held July 8, 1985, at which Pelersi appeared on behalf of defendant. On the same day, Pelersi, stating that he had been retained as defendant's attorney on July 3, 1985, obtained an order to show cause seeking, *inter alia,* to vacate the default order of contempt for lack of personal jurisdiction. By decision dated July 10, 1985, defendant was held in criminal contempt, based upon the papers and arguments presented at the hear-

ing, and a fine of $100,000 was imposed. The order ot appeal here was thereafter entered by Special Term on defendant's motion to vacate the July 3, 1985 default order of contempt.

The order on appeal directs, *inter alia,* that the motion to vacate for lack of personal jurisdiction be transferred for a hearing, and defendant contends that plaintiffs here have no right to appeal such an order. As a general rule, "[a]n order directing a judicial hearing to aid in the disposition of a motion does not affect a substantial right (CPLR 5701, subd [a], par 2, cl [v]), and is, therefore, not appealable as of right" *(Bagdy v Progresso Foods Corp.,* 86 AD2d 589). Due to the scope of Special Term's ruling, and due to the complexity of the procedural issues which ought to be decided now, we decline to apply the general rule to this case.

Plaintiffs contend that Special Term lacked jurisdiction to rule on defendant's motion since the matter should have been transferred to the Justice who issued the July 3, 1985 order. We disagree, for we view defendant's motion as one to vacate an order made upon default *(see,* CPLR 2221 [a]). Plaintiffs argue that the exception for orders entered upon default is not applicable here since, before finding defendant in default, the July 3, 1985 order expressly found proper service upon defendant. Thus, according to plaintiffs' argument, the issue of proper service was actually contested and, as to that issue, the July 3, 1985 order was not made upon default. This argument must fail, however, since the only claim presented with respect to the July 3, 1985 order was that service on Pelersi did not invoke personal jurisdiction over defendant. The propriety and effect of service upon defendant itself, through De Cola, was not put in issue by Pelersi's cross motion. Since this latter method of service on defendant was not controverted, there was no need to pass on the issue raised by Pelersi's cross motion. It is also noteworthy that in its July 3, 1985 order Special Term found no appearance on behalf of defendant and, therefore, Pelersi's appearance was apparently found to be on his own behalf and not as a representative of defendant. We conclude, therefore, that defendant can raise the issue of proper service, as to both Pelersi and De Cola, on the motion to vacate the July 3, 1985 order made upon default.

In the decision upon which the order on appeal is based, Special Term ruled that the Justice who issued the July 3, 1985 order had determined that Pelersi was not defendant's attorney-of-record and that service upon Pelersi did not confer jurisdiction over defendant. Thus, the hearing ordered by Special Term is limited to the question of whether service on

De Cola was sufficient to confer personal jurisdiction over defendant. We have examined the July 3, 1985 order and find nothing to suggest that the Justice who issued it passed on the question of whether service on Pelersi was proper. As noted above, since service on defendant through De Cola was not controverted, it was not necessary for the Justice to pass on the question of service on Pelersi in order to find proper service on defendant. We conclude that the hearing ordered by Special Term should not be limited to the issue concerning service upon De Cola, but should include the questions raised concerning service upon Pelersi. The order should be modified accordingly.

Order modified, on the law, without costs, by deleting the third decretal paragraph, and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.