**SAGE REALTY CORP., Plaintiff–Appellee–Cross–Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant–Appellant–Cross–Appellee.**

Nos. 1959, 1960, Dockets 94–7160, 94–7232.

United States Court of Appeals,
Second Circuit.

Argued June 27, 1994.

Decided Sept. 2, 1994.

Paul R. Koepff, O'Melveny & Myers, New York City (Thomas G. Carruthers, Mudge Rose Guthrie Alexander & Ferdon, Achilles M. Perry, O'Melveny & Myers, of counsel), for defendant-appellant-cross-appellee.

Vicki L. Safran, Nixon, Hargrave, Devans & Doyle, New York City (Matthew Tracy, of counsel), for plaintiff-appellee-cross-appellant.

Before: MESKILL, KEARSE and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Defendant-appellant-cross-appellee Insurance Company of North America ("INA") appeals from a judgment of the United States District Court for the Southern District of New York (Patterson, *J.*) granting summary judgment to plaintiff-appellee-cross-appellant Sage Realty Corporation ("Sage") and dismissing INA's counterclaims. The district court granted Sage's motion for summary judgment based on its finding that INA breached the terms of a lease between the parties. The district court dismissed INA's counterclaims based on its finding that pursuant to a provision in the lease, INA waived the right to interpose any counterclaims. In addition, the district court dismissed several of those counterclaims with prejudice based on its finding that two prior settlement agreements as well as INA's failure to avail itself of the dispute resolution procedure set forth in the lease precluded the assertion of those claims.

On appeal, INA principally contends that the district court: (1) erred in granting Sage's motion for summary judgment because genuine issues of material fact are in dispute regarding INA's alleged breach of the lease and Sage's alleged breach of that same agreement; and (2) improperly dismissed INA's counterclaims based on an unenforceable lease provision. On cross-appeal, Sage contends that the district court erred in failing to dismiss all of INA's counterclaims with prejudice pursuant to the terms of the lease. For the reasons set forth below, the district court's grant of summary judgment is conditionally affirmed, and its dismissal of the counterclaims is conditionally affirmed in part, vacated in part, and remanded. Because on remand the district court may determine that INA is entitled to assert a set-off against Sage's judgment, we stay the execution of the judgment pending the district court's consideration of the counterclaims pursuant to Fed.R.Civ.P. 13(a).

## BACKGROUND

Sage is an agent for 127 John Street Associates, the owner of a building located in New York. In 1970, the predecessors in interest to 127 John Street Associates, as landlord, entered into a lease agreement with Employers Commercial Union Insurance Company of America ("Employers"), as tenant, for Floors 2–9 of the building. INA, an assignee of Employers, is the tenant under the lease, as it has from time to time been amended (the "Lease").

Under Section 22 of the Lease, INA pays a fixed minimum rent and is obligated to pay at the end of each operating year as "additional rent" its proportionate share of the total operating expenses to the extent that such expenses exceed the base operating expenses. Section 22.01(III) provides that after the expiration of each operating year:

> Landlord shall deliver to Tenant a statement in reasonable detail prepared by Landlord's Certified Public Accountant setting forth the Base Operating Expense, the Operating Expenses of Landlord for such Operating Year, and the additional rent payable by Tenant, if any [ (the "Statement" or "Invoice") ]. Any such additional rent payable by Tenant shall be paid within 30 days after the rendition of such statement.

It further provides that the tenant shall have the right to inspect and to make copies

of the landlord's books and records relating to the determination of additional rent, but specifies no time restrictions.

Furthermore, if any disputes arise concerning operating expenses, the Lease requires that:

[T]he determination of any such issue shall be made by any one of the following public accounting firms which may be selected by Tenant and at Tenant's cost and expense. . . .

*Pending the settlement of any such dispute, Tenant shall promptly pay the charges within the period hereinabove provided,* and if any determination by any of the foregoing public accounting firms shall reduce or increase the amount payable by Tenant hereunder, payments required by such determination shall be made within 30 days. *Such determination shall be final and binding on both parties.* (emphasis added).

In the event of the tenant's default in paying additional rent as due under the Lease, the landlord has the right to invoke any remedy allowed at law or in equity, including reasonable expenses as the landlord may incur for legal expenses and attorneys' fees.

In November 1991, INA vacated the premises. Thereafter, on February 1, 1992, Sage rendered to INA the Invoice for INA's proportionate share of the 1991 Operating Expenses in the amount of $829,385. INA did not pay the amount invoiced within 30 days of rendition of the Statement and did not invoke the dispute resolution procedures set forth in the Lease.

On February 5, 1992, INA requested to inspect all books and records relating to the Operating Expenses. Sage made some of its books and records available for INA's review on March 19, 1992, but declined to provide INA with copies of certain documents. Following discussions between the parties, INA tendered a check dated June 16, 1992 for $580,000 as payment for a portion of the outstanding debt. Sage notified INA that it had defaulted under the Lease by failing to pay the entire amount invoiced, and demanded that INA pay the remaining amount due. INA refused to pay.

On September 25, 1992, Sage commenced this action in New York Supreme Court, New York County. INA timely removed this action to the United States District Court for the Southern District of New York. Sage's complaint alleged a cause of action for breach of contract in the amount of $249,385. In its answer, INA denied the material allegations of the complaint and asserted eleven counterclaims.

At the request of the parties, a conference was held and INA claimed that it had not been given access to Sage's records. Sage disagreed. The district court recommended that, in order to avoid the existence of a factual issue, Sage should allow INA a further opportunity to inspect its records. By letter dated February 1, 1993, Sage offered to permit INA to inspect and make copies of its relevant records relating to Operating Expenses, demanded the outstanding payment, and offered to allow INA to invoke the dispute resolution procedures. INA accepted the offer to inspect Sage's books, but refused to pay the remaining debt and failed to invoke the dispute resolution procedure.

Sage subsequently moved for summary judgment and to dismiss INA's counterclaims. On June 28, 1993, the district court granted Sage's motion for summary judgment based on its finding that INA breached the lease agreement. Notably, the district court determined that Sage complied with Section 22.01(III) by allowing INA to inspect and copy all documents relevant to Sage's complaint. Although INA claimed in its opposition papers that it was denied the opportunity to inspect certain documents relating to "electric costs," the district court held that the electric costs documents were not needed to calculate the Operating Expenses under Section 22.01(III). Thus, the district court concluded that INA was in possession of all facts essential to oppose the summary judgment motion.

In addition, the district court dismissed INA's counterclaims pursuant to Section 27.02 of the Lease which states that INA "waives the right to interpose a counterclaim . . . in any action instituted by [the] Landlord for unpaid rent or additional rent under this Lease." Moreover, the district court found

that even if the Lease did not contain a waiver provision, two settlement agreements arising out of previous disputes under the Lease as well as INA's failure to avail itself of the dispute resolution procedure set forth in Section 22.01(III) required dismissal of certain of INA's counterclaims with prejudice. The district court dismissed the remaining counterclaims without prejudice.

INA now appeals and Sage cross-appeals.

## DISCUSSION

On appeal, INA contends that the district court erred in granting Sage's motion for summary judgment, claiming: (1) its performance under the Lease was excused when Sage breached the Lease by denying INA access to all documents concerning Operating Expenses; (2) the district court improperly resolved the motion without allowing INA to conduct discovery; and (3) the district court committed reversible error when it relied in part on an April 1, 1994 letter to decide the motion. In addition, INA argues that the district court erred in dismissing its counterclaims and awarding attorneys' fees in favor of Sage. On cross-appeal, Sage contends that the district court erred in failing to dismiss all of INA's counterclaims with prejudice.

### (1) *Motion for Summary Judgment*

■ We review an appeal from a grant of summary judgment *de novo*. *See Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.,* 967 F.2d 742, 746 (2d Cir.1992). Under Fed. R.Civ.P. 56(c), summary judgment should be granted if there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) (quotations omitted).

A review of the record in this case indicates that the district court granted summary judgment based on INA's failure to comply with the clear terms of the Lease. The Lease mandates the payment of additional rent within a 30–day period despite the existence of a dispute and requires the submission of any dispute regarding the items charged to a public accounting firm for binding resolution. It is undisputed that Sage rendered to INA its 1991 Statement of Operating Expenses and an invoice for INA's proportionate share of the expenses on February 1, 1992, and that INA did not pay the amount invoiced within 30 days of rendition of the Statement. Nor did INA seek a determination of any dispute as to those charges from a public accounting firm. It cannot be said, therefore, that the district court erred in concluding that INA breached Section 22.01(III) of the Lease and granting summary judgment.

On appeal, INA asserts numerous reasons in support of its position that the grant of Sage's motion for summary judgment based on the breach of the Lease was improper. As discussed below, we find INA's challenges unpersuasive.

### (A) *Access To Relevant Documents*

■ INA argues that it is excused from performance under the Lease because Sage allegedly breached the Lease by failing to permit inspection and copying of all books and records relating to Operating Expenses within 30 days of its request. INA's defense is without merit. Section 22.01(III) of the Lease expressly requires INA to pay as additional rent its proportionate share of Operating Expenses within 30 days after the rendition of the Statement. The terms of the Lease clearly indicate that INA's obligation is unconditional and must be made regardless of whether INA disputes any of the items charged. While Section 22.01(III) of the Lease does grant INA the right to inspect Sage's books, it does not require that the landlord permit such inspection within 30 days. Rather, it specifies no time period whatsoever. Thus, even assuming that INA did not have an adequate opportunity to inspect Sage's books, this would provide no excuse for INA's breach of its obligation to pay.

In any event, the record indicates that in accordance with the district court's express recommendation, Sage made available all of its records relating to Operating Expenses for 1991, with the exception of one category of documents—those documents relating to

electric costs. Given that under the Lease Modification Agreement electric costs are calculated by applying publicly available utility tariffs to fixed amounts for monthly electric consumption and demand, electric costs records were not needed to compute the Operating Expenses under Section 22.01(III). Accordingly, because INA was in possession of all facts essential to oppose the summary judgment motion, we reject INA's argument.

### (B) *Discovery Under Fed.R.Civ.P. 56(f)*

■ INA's assertion that it was entitled to discovery under Fed.R.Civ.P. 56(f) to defend against Sage's motion for summary judgment is equally without merit. Rule 56(f) requires the opponent of a motion for summary judgment who seeks discovery to file an affidavit explaining: (1) the information sought and how it is to be obtained; (2) how a genuine issue of material fact will be raised by that information; (3) what efforts the affiant has made to obtain the information; and (4) why those efforts were unsuccessful. *See Hudson River Sloop Clearwater, Inc. v. Department of the Navy,* 891 F.2d 414, 422 (2d Cir.1989). Additionally, the discovery sought must be material to the opposition of the summary judgment motion. *See id.*

■ In the case at hand, INA's only allegation with respect to its need for discovery pertaining to issues raised in the Complaint is that it was denied access to documents concerning electric costs. As discussed above, the utility tariffs needed to calculate the electric costs were publicly available to INA. Because the documents regarding electric costs were immaterial to the calculation of the Operating Expenses under Section 22.01(III) of the Lease, the discovery INA sought would not have revealed anything new that would require the denial of summary judgment. Under these circumstances, we find that the Rule 56(f) request was properly denied.

### (C) *The Admission of an April 1, 1993 Letter*

INA's argument that the district court erred in relying on an April 1, 1993 letter in granting summary judgment because the letter was inadmissible under Rule 408 of the Federal Rules of Evidence is unpersuasive. This letter was written by INA's counsel and set forth INA's understanding of how electric costs should be calculated.

■ A trial court has broad discretion in deciding whether to admit evidence, and its determinations will not be reversed in the absence of an abuse of discretion amounting to manifest error. *See Martin–Trigona v. Meister,* 760 F.2d 1334, 1344 (2d Cir.1985). Under Fed.R.Evid. 408:

> Evidence of (1) furnishing ... or (2) accepting ... a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.... This rule ... does not require exclusion when the evidence is offered for another purpose.

■ In the instant case, INA admits that the April 1 letter was provided merely to help explain its understanding of certain electric costs under the Lease. Sage sought to use the letter for the discrete proposition that INA had access to all documents it needed to compute the electric costs. Because Sage did not proffer the letter to show an offer of compromise or an admission made in compromise negotiations, the letter was not subject to Rule 408. Moreover, the district court relied on the terms of the Lease itself to determine the summary judgment motion, referring to the April 1 letter only in a footnote for the limited purpose of showing that the utility tariffs were available to INA. Thus, we find INA's assertion that the court committed reversible error by relying on this letter to grant the motion unavailing.

In sum, because INA has failed to persuade us that there are genuine issues of material fact regarding INA's breach of the Lease and Sage is not entitled to summary judgment as a matter of law, we conditionally affirm the district court's grant of Sage's motion for summary judgment.

**(2) *Motion to Dismiss Counterclaims***

On appeal, INA next challenges the district court's dismissal of its counterclaims. The district court dismissed the counterclaims based on a provision in the Lease which expressly prohibits counterclaims in any action for the nonpayment of additional rent. The issue on appeal is whether the waiver provision should be enforced to bar INA's current counterclaims. INA essentially claims that the provision should be unenforceable in federal court. We agree.

Sage argues that the district court's application of the provision should be upheld because it is supported by New York law which enforces contractual agreements that waive the right to assert a counterclaim. *See Bank of New York v. Cariello,* 69 A.D.2d 805, 415 N.Y.S.2d 65, 65 (1979); *Louis de Roll Iron Works, Ltd. v. Webb & Knapp, Inc.,* 36 Misc.2d 216, 232 N.Y.S.2d 111, 112 (Sup.Ct. 1962). This would lead, however, to a troubling result because of the interplay of Fed. R.Civ.P. 13(a), requiring that a pleading state as a compulsory counterclaim any claim it may have against the plaintiff that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." *See, e.g., Doelle v. Mountain States Tel. & Tel.,* 872 F.2d 942, 945–46 (10th Cir. 1989) (applying federal counterclaim procedure in diversity action); *Seattle Totems Hockey Club, Inc. v. National Hockey League,* 652 F.2d 852, 853–54 (9th Cir.1981), *cert. denied,* 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1313 (1982) (same); *TPO Inc. v. FDIC,* 487 F.2d 131, 133 (3d Cir.1973) (same).

■ Because INA's counterclaims concerning the proper calculation of additional rent and other expenses under the Lease are inextricably interwoven with Sage's claim for unpaid additional rent, and arise out of the same transaction and occurrence that is the subject matter of Sage's action, namely the payment of rents under the lease, *see Adam v. Jacobs,* 950 F.2d 89, 92 (2d Cir.1991), Rule 13(a) requires INA to bring its counterclaims, if at all, in the instant case. *See* Fed.R.Civ.P. 13(a). Therefore, strict enforcement of the waiver provision could preclude INA from ever asserting its claims in a subsequent action. We find such a result untenable under the circumstances. Clearly, the parties never intended for the waiver provision to prohibit INA from ever bringing a counterclaim or from seeking redress for its claims, but rather anticipated that INA could bring its claims in a separate action. Thus, to enforce the waiver provision as to INA's counterclaims would misconstrue the intent of the parties. Furthermore, we observe that the resolution of the claims and counterclaims in one lawsuit would conserve judicial resources, thus furthering the underlying policies of Rule 13(a). *See Adam,* 950 F.2d at 92.

Accordingly, because the enforcement of the waiver provision could leave INA without a forum to bring its claims, a result which is contrary to the parties' intent, we find that the district court erred in dismissing INA's counterclaims.

To the extent that there exists an independent basis for dismissing some of INA's counterclaims, we conditionally affirm the dismissal of those claims. Significantly, the record indicates that Sage's principal, 127 John Street Associates, and INA entered into two settlement agreements under which INA waived all rights to challenge or dispute the calculation of, and items charged as, Operating Expenses for the period through and including the 1989 Operating Year. Thus, certain of INA's counterclaims are precluded insofar as they challenge the calculation and payment of any adjustments of rent through 1989. In addition, for the same reasons that Sage is conditionally entitled to summary judgment, INA's failure to avail itself of the dispute resolution procedure set forth in Section 22.01(III) of the Lease precludes the assertion of those counterclaims which dispute items charged as Operating Expenses under that Section.

With respect to the remaining counterclaims, insofar as the district court dismissed them on the basis of an unenforceable waiver provision, we conclude that the district court erred by failing to consider the merits of these claims. Accordingly, we remand the case to the district court with directions to consider the merits of INA's remaining counterclaims. To the extent that the district

court finds on remand that INA is entitled to recover damages for the improper calculation of costs under the Lease, such amounts shall constitute a set-off against Sage's judgment. We have examined INA's and Sage's remaining contentions and find them to be without merit.

## CONCLUSION

Based on the foregoing, the district court's grant of summary judgment is conditionally affirmed, and its dismissal of the counterclaims is conditionally affirmed in part, vacated in part, and remanded for proceedings not inconsistent with this opinion. Because on remand the district court may determine that INA is entitled to assert a set-off against Sage's judgment, we stay the execution of the judgment pending the district court's consideration of the merits of the counterclaims pursuant to Fed.R.Civ.P. 13(a).