**Charles CASPER, Plaintiff,**

v.

**WESCO DISTRIBUTION, INC., Defendant.**

**No. 01–CV–6400 CJS.**

United States District Court, W.D. New York.

April 30, 2002.

---

J. Nelson Thomas, Dolin, Thomas & Solomon, LLP, Rochester, NY, for plaintiff.

David J. Kolesar, Kirkpatrick & Lockhart, Pittsburgh, PA, for defendant.

## DECISION AND ORDER

SIRAGUSA, District Judge.

Now before the Court is defendant's motion for partial summary judgment [# 11], filed on March 19, 2002. For the reasons that follow, that application is denied without prejudice, and with leave to renew, if necessary, following the resolution of plaintiff's motion to compel discovery [# 15], which is now pending before the Honorable Jonathan W. Feldman, United States Magistrate Judge.

## BACKGROUND

On August 17, 2001, plaintiff commenced the subject lawsuit, alleging causes of action pursuant to the Americans With Disabilities Act ("ADA"), the New York Human Rights Law ("HRL"), and the Family and Medical Leave Act ("FMLA"). On December 5, 2001, the undersigned referred all pre-trial and non-dispositive matters to Magistrate Judge Feldman. On January 16, 2001, following a Rule 16 Conference, Judge Feldman issued a Scheduling Order, which, *inter alia,* set April 19, 2002 as the deadline for completing discovery, and May 24, 2002 as the deadline for the filing of all motions.

On March 19, 2002, defendant filed the subject motion, seeking judgment as to plaintiff's cause of action under the FMLA, on the ground that it is not an "employer" within the meaning of the statue, since it did not employ 50 or more employees. On April 3, 2002, this Court issued a Motion Scheduling Order, setting a briefing schedule, as well as a date for oral argument. On April 8, 2002, plaintiff filed the motion to compel discovery before Judge Feldman, seeking various forms of relief, including an order compelling defendant to disclose "the names [and] numbers of employees employed by defendant within 75 miles of plaintiff's worksite for the relevant calendar years." This information, of course, bears directly on whether or not defendant qualifies as an employer under the FMLA. (Plaintiff's Memo of Law [# 17], p. 19; Plaintiff's First Set of Interrogatories, Interrogatory No. 3[1]). In that regard, the Court notes that on March 20, 2002, one day after defendant filed the motion for partial-summary judgment, but apparently before plaintiff had received the motion, plaintiff's counsel wrote to defendant's counsel, stating, in relevant part:

> In Interrogatory No. 3 we request the identification of the number of employees working for [defendant] within certain geographical limits in New York State. As you noted in your letter dated March 13, 2002, the number of employees is one of the central issues in this case because the FMLA is triggered if a company has 50 more [sic] employees employed in a 75–mile radius of plaintiff's work location.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> I am surprised by your unwillingness to fully and completely answer this question. In your letter of March 13, 2002, you stated that you intended to move for summary judgment on this issue and that you would seek sanctions against plaintiff if we did not withdraw this cause of action. We have no intention of litigating a frivolous

---

1. In response to Plaintiff's Interrogatory No. 3, defendant provided the names of employees working within a 75–mile radius of plaintiff's worksite on a particular date, March 30, 2001, but otherwise objected to the interrogatory. (Defendant's Response to Plaintiff's First Set of Interrogatories).

claim. . . . Certainly if you are correct, we will gladly withdraw the claim.

(Thomas Affidavit [# 16], Exhibit E, p. 9)[2].

On April 10, 2002, plaintiff's counsel faxed and mailed a letter to the Court, requesting that the motion for partial summary judgment be held in abeyance, pending the resolution of the motion to compel, or, alternatively, that the briefing schedule be extended. On April 11, 2002, defendant's counsel faxed and mailed a response, indicating that the motion to compel "is without foundation in fact or law," and that plaintiff, instead of seeking to have the motion for partial summary judgment held in abeyance, should have made a motion pursuant to Fed.R.Civ.P. 56(f). On April 12, 2002, the undersigned's law clerk held a telephone conference call with both counsel, for the purpose of determining whether or not either would object if the Court considered plaintiff's counsel's letter, together with his papers submitted in support of the motion to compel, as a motion pursuant to Fed. R.Civ.P. 56(f), and denied the motion for partial summary judgment without prejudice, and with leave to renew the motion once the motion to compel was resolved. It is the Court's understanding that neither counsel objected to this proposal.

## ANALYSIS

 It is well settled that

Rule 56(f) requires the opponent of a motion for summary judgment who seeks discovery to file an affidavit explaining: (1) *the information sought and how it is to be obtained;* (2) how a genuine issue of material fact will be raised by that information; (3) what efforts the affiant has made to obtain the information; and (4) why those efforts were unsuccessful. Additionally, the discovery sought must be material to the opposition of the summary judgment motion.

*Sage Realty Corp. v. Insurance Co. of North America,* 34 F.3d 124, 128 (2d Cir.1994) (citations omitted). The Court finds that, while not specifically designated as an affidavit

pursuant to Rule 56(f), plaintiff's counsel's affidavit submitted in support of the motion to compel nonetheless satisfies the requirements of that rule. Moreover, it would make little sense to attempt to address the motion for partial summary judgment until after the pending discovery issues have been resolved. Also, there is the possibility that once the discovery issues are resolved, plaintiff will voluntarily withdraw the FMLA claim.

## CONCLUSION

For all of the foregoing reasons, defendant's motion for partial summary judgment [# 11] is denied without prejudice, and with leave to renew the motion, if necessary, following the resolution of plaintiff's motion to compel discovery [# 15].

So Ordered.

</div>

---

**2.** In quoting plaintiff's counsel's letter, the Court does not intend to express any view regarding the merits of the discovery dispute, but instead, intends only to show how the discovery issue bears directly upon the motion for partial summary judgment.