**Carolyn M. BYERLY, Plaintiff–Appellant,**

v.

**ITHACA COLLEGE, Defendant–Appellee.**

No. 03–9309.

United States Court of Appeals, Second Circuit.

Oct. 15, 2004.

Jonathan C. Moore (David Milton, on the brief), Moore & Goodman, LLP, New York, NY, for Plaintiff–Appellant.

Subhash Viswanathan (Christa J. Richer, on the brief), Bond, Schoeneck & King, PLLC, Syracuse, NY, for Defendant–Appellee.

Present: VAN GRAAFEILAND, LEVAL, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Plaintiff-appellant Carolyn M. Byerly appeals from the judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) granting summary judgment to defendant-appellee Ithaca College (the "College") on Byerly's claims for, *inter alia,* sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* and denying Byerly's motion to amend her complaint to assert claims against the College for breach of contract and for breach of the implied covenant of good faith and fair dealing. We assume the parties' familiarity with the underlying facts and procedural history of the case. For the reasons that follow, we affirm.

█ As a preliminary matter, Byerly contends that the district court abused its discretion by denying her an opportunity

to conduct discovery prior to the entry of summary judgment. Pursuant to Federal Rule of Civil Procedure 56(f), the district court "may order a continuance to permit ... discovery to be had" where it "appear[s] from the affidavit[ ] of a party opposing [summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed.R.Civ.P. 56(f). We have held that "Rule 56(f) requires the opponent of a motion for summary judgment who seeks discovery to file an affidavit explaining: (1) the information sought and how it is to be obtained; (2) how a genuine issue of material fact will be raised by that information; (3) what efforts the affiant has made to obtain the information; and (4) why those efforts were unsuccessful." *Sage Realty Corp. v. Insurance Co. of N. Am.*, 34 F.3d 124, 128 (2d Cir.1994). Byerly acknowledges that she did not file the required affidavit but argues that the district court should have overlooked this technical violation because she expressed her need for discovery in her responsive legal memorandum. The district court, however, did not deny Byerly's request for a continuance pending discovery because she neglected to file a Rule 56(f) affidavit, but rather because she failed to submit even the functional equivalent of such an affidavit. *See Byerly v. Ithaca College*, 290 F.Supp.2d 301, 304 n. 2 (N.D.N.Y. 2003). As the district court stated, "[Byerly] fail[ed] to identify the material she would like to obtain if given the opportunity to obtain discovery, and ... to allege how that material would aid her in raising genuine issues of material fact." *Id.* Given Byerly's failure to justify her need for discovery, the district court did not abuse its discretion in denying Byerly's discovery request. *See Gurary v. Winehouse*, 190 F.3d 37, 43–44 (2d Cir.1999); *Burlington Coat Factory Warehouse Corp.* *v. Esprit De Corp.*, 769 F.2d 919, 925–27 (2d Cir.1985).

■ Byerly next argues that the district court erred in granting summary judgment to the College on her claims for sex discrimination and retaliation in violation of Title VII. We disagree. As to the sex discrimination claim, there is no legal or factual support for Byerly's contention that the College engaged in impermissible sex stereotyping by crediting negative student evaluations that criticized Byerly for being cold and gruff and unreceptive and insensitive to student needs and for centering discussion in her journalism classes around feminist, to the exclusion of other, perspectives. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 44–45 (2d Cir.2000) (deeming "innocuous words," such as the labels "nice" and "nurturing" to describe a female professor, insufficient as a matter of law to provide evidence of discriminatory intent). On the contrary, these comments support the College's representation that it denied Byerly tenure based on her inadequate teaching performance. Thus, the district court properly concluded that Byerly did not carry her burden of showing that the College's proffered non-discriminatory reason for denying her tenure was false and that impermissible sex stereotyping was the real reason for the College's tenure decision. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir.1995); *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 38 (2d Cir.1994). Byerly's retaliation claim is too tenuous, strained, and speculative to support a verdict in her favor and to defeat the defendant's motion for summary judgment. Finally, the district court was within its discretion in denying Byerly's motion—filed long after the defendant's motion for summary judgment—for leave to amend her complaint to allow State law causes of action for breach of contract and of the implied covenant of

good faith and fair dealing. In so ruling, we make no comment on the district court's discussion of New York law as it applies to those claims.

According, the judgment of the district court is **AFFIRMED.**