Filed 04/13/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-02099

---

**Parker Weber v. Ameriscape Inc, et al**

---

## ENTRY REGARDING MOTION

Title:          Motion for Summary Judgment  (Motion: 4)
Filer:          Carl E Lindstrom
Filed Date:     February 04, 2026

The motion is GRANTED.

Defendant SBC Cedar has filed the present motion for summary judgment.  SBC contends that, based on the undisputed material facts, it did not owe a duty, either directly or under vicarious liability to Plaintiffs in this case, and it was not part of a joint venture with the other Defendants.  Plaintiff Parker Weber has filed an opposition to this motion contending that he has not completed discovery and that SBC is liable either as part of a joint venture or under Section 324A of the Restatement (Second) of Torts, which holds that individuals can be liable to third parties when undertaking certain duties.[1]

### Background Facts

As a preliminary matter, the Court must determine what facts may be considered as part of the record for the present motion.  In its initial filing for summary judgment, SBC included a separate and concise, 54-paragraph statement of undisputed material facts.  Each paragraph was supported by citations to affidavits or specific admissible evidence.  V.R.C.P. 56(c)(1).  Plaintiff Webber did not, as required under Rule 56(c)(2), file a response to SBC's statement or provide any specific citations to affidavits or any other admissible evidence that would indicate a factual basis to dispute any of the listed facts.  Based on the lack of dispute, SBC's Statement of Undisputed Material Facts are deemed admitted for the purposes of this motion.  V.R.C.P. 56(e)(2); *Caldwell v. Champlain College, Inc.*, 2025 VT 17 ¶ 9.

---

[1] Prior to the issuance of this decision, Plaintiff filed an amended complaint.  While the Court has not resolved this motion, nothing in the proposed amended complaint alters the Court's analysis in the present motion.

Plaintiff did file a "Counter Statement of Undisputed Material Facts. While this filing does not directly address SBC's Statement, it does offer 10 statements that contradict several of SBC's assertions. This filing does not comply with the requirements of Rule 56(c)(2), and it is defective in at least two fundamental ways.

First, the filing relies entirely on Plaintiff's Complaint and does not contain any citation to any part of the record beyond the allegations in the complaint. Plaintiff does not cite any other exhibits, evidence, discovery, affidavits or declarations. As the Vermont Supreme Court has long held, when a moving party challenges the factual basis of a claim by affidavit or other documentary evidence, then the non-moving party "may not rest upon his mere allegations, but must come forward with an opposing affidavit or other evidence that raises a dispute as to the fact or facts in issue." *Alpstetten Ass'n v. Kelly*, 137 Vt. 508, 514 (1979); see also *Webb v. Leclair*, 2007 VT 65, ¶ 14 (reaffirming this standard). Based solely on this insufficiency, Plaintiff's counter statement is insufficient to create a dispute of fact as a matter of law.

Second, much of Plaintiff's counter statement includes legal conclusions and other bald assertions that are out of place in a statement of material facts. By way of example, Plaintiff contends at paragraph 10 that SBC "had the right to control Mr. Singh in performing this service." This is both a legal conclusion as well as an unsupported assertion that begs the question. The fact that Plaintiff cites to his original complaint only makes the exercise of discerning any basis for this assertion tautological.

The result is that Plaintiff's counter statements are not only unsupported but they lack even the semblance of factual assertions. Based on each of these reasons, the Court will not consider Plaintiff's counter statement for the purpose of this motion.

**Undisputed Facts**

Based on this standard, the Court finds the following facts derived from Defendant's SBC's statement of undisputed material facts.[2]

At approximately 6:46 AM on April 11, 2024, Satnam Singh was driving a 2019 Freightliner Cascadia tractor trailer southbound on Route 100 near Duxbury, Vermont. At the same time, Rosetta Weber was driving northbound on the same road. As Mr. Singh and Ms. Weber approached each other, Mr. Singh's truck crossed the center line and collided with Ms.

---

[2] The Court has not included SBC's facts concerning Blackbird's SMS profile or Mr. Singh's driving record as these facts are not material to the Court's present analysis. Their exclusion is strictly for purpose of relevance.

Weber's vehicle. Ms. Weber was killed in the resulting accident. Plaintiff is Ms. Weber's widower and brought the present action, filed in May 2025, in his own name and as executor of her Ms. Weber's estate.

At the time of the incident, Ms. Singh worked and was driving for Blackbird, a Canadian interstate motor carrier company based out of Calgary.[3] Mr. Singh was hauling a load of mulch on behalf of Ameriscape, a mulch and groundcover wholesaler, who had hired Blackbird. Mr. Singh was driving to Bisbee Hardware in Waitsfield, Vermont to deliver the load of mulch.

SBC is a Canadian company located in Saint-Prosper, Quebec, that sells cedar shingles and mulch. SBC does not own or lease any tractor trailers or shipping vehicles. SBC does not have a relationship with Blackbird or Bisbee Hardware. SBC frequently sells mulch to Ameriscape, but it does not share any profits or losses with Ameriscape. It does not control or take part in Ameriscape's sales, and it does not have a relationship with Ameriscape's customers. Apart from mulch sales, in which Ameriscape purchases wholesale mulch from SBC at fixed or negotiated rates, there is no on-going business relationship between SBC and Ameriscape.

In early 2024, SBC sold a load of mulch to Americscape. Ameriscape then sold the mulch to Bisbee Hardware. Ameriscape then hired Blackbird, through a trucking contractor, to haul the purchased mulch from SBC's Quebec location to Bisbee's store in Waitsfield, Vermont. Blackbird then selected Mr. Singh to pick up the mulch shipment. SBC had no role in the sale of the mulch to Bisbee's, the selection of Blackbird as trucking contractor, or the assignment of the driving and hauling to Mr. Singh.

On April 10, 2024, Mr. Singh arrived at SBC's place of business. SBC employees loaded Mr. Singh's truck with mulch and weighed the truck. For customs purposes, SBC was listed as the exporter/shipper. Through a typo, Brassworks of Rhode Island, was listed as the carrier, instead of Blackbird. Mr. Singh left SBC's property shortly after the loading and paperwork were completed. SBC did not direct or control Mr. Singh's route or driving choices, and there is no indication that SBC played any role in Mr. Singh's driving once he left the SBC premises.

## Legal Analysis

### A. *Standard of Review*

---

[3] Neither Mr. Signh, nor Blackbird has, as of the date of this motion, been named as a defendant in the present action or complaint.

Vermont Rule of Civil Procedure 56 governs motions for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to as a matter of law." V.R.C.P. 56(a). See *Gross v. Turner*, 2018 VT 80, ¶ 8, 208 Vt. 112; *Gilman v. Maine Mut. Fire Ins. Co.*, 2003 VT 55, ¶ 7, 175 Vt. 554. The moving party must support its assertion with numbered paragraphs with references to materials in the record. V.R.C.P. 56(c)(1). The nonmoving party must show that the material facts are in dispute. *Boyd v. State*, 2022 VT 12, 275 A.3d 155. The nonmoving party does this through introducing their own admissible evidence. *Gross*, 2018 VT at ¶ 8. Additionally, the court gives the nonmoving party the benefit of reasonable doubts and inferences. *Brousseau v. Brousseau*, 2007 VT 77, 182 Vt. 533. If the court determines there are no genuine issues of material fact, the court will grant summary judgment. V.R.C.P. 56.

## B. *Negligence and Vicarious Liability*

The facts of this case demonstrate that SBC's only relationship to the accident involving Mr. Singh and Ms. Weber is that Mr. Singh was driving from SBC's place of business to his delivery destination carrying a load of mulch purchased by Ameriscape from SBC. While there is some evidence of a relationship between Singh, Blackbird, and Ameriscape, there is no evidence that would create a relationship between SBC and either Blackbird or Singh. There is no evidence that SBC had a role in selecting, hiring, or overseeing Blackbird or Mr. Singh. SBC did not control Mr. Singh's route, and SBC did not enter into a contractual relationship with Blackbird or Mr. Singh. Effectively, Mr. Singh was a contractor retained by Ameriscape to pick up and carry the mulch, which Americscape had purchased from SBC and sold to Bisbee, to Bisbee's store.

As a result, the Court finds that Blackbird and Singh were independent contractors who performed a service of carrying mulch. As an independent contractor outside of SBC's control, SBC is not responsible either directly or through vicarious liability for Mr. Singh's later negligence. *Richards v. Consolidated Lighting Co.*, 90 Vt. 552, 557 (1916). As the Court in that case noted, permitting the servant, or agent, of another to enter the defendant's property to do work does not give rise to negligence if the owner lacks any authority over the agent. Id. at 556–57. In this case, there is no evidence to suggest that SBC had authority over Singh or Blackbird. As such, there is no basis to support a claim that SBC owed any duty to third-parties who might

encounter Singh when he left the SBC property. Without a basis to assign a duty of care from SBC to the Webers or other drivers in Mr. Singh's path, Plaintiff cannot establish the essential elements of negligence on which his claims rely. *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 14.

Plaintiff argues that SBC's label as a shipper gives rise to liability under Section 324A of the Restatement (Second) of Torts. This provision of the Restatement, which the Vermont Supreme Court has adopted, creates an exception to the general principle cited above that parties are generally not liable for the actions of independent contractors to third parties. *Derosia v. Liberty Mut. Ins. Co.*, 155 Vt. 178, 182–83 (1990). This provision, however, only applies when (1) the party's failure to exercise reasonable care increases the risk of harm; or (2) the party undertakes a duty that belonged to the contractor to the third-party; or (3) the other party or the third-party relied on the party to perform a particular undertaking. Id. In this case, there are no facts to support any of the three possible routes for liability under Section 324A. First and foremost, there is no allegation that any of SBC's actions contributed to the accident. Mr. Singh crossed the centerline, and there is no evidence suggesting that any thing SBC did contributed to this unfortunate moment. SBC did not undertake any duties or actions that were directed at the Webers. SBC loaded mulch onto a truck at the direction of a buyer. It did not select the driver, vet the driver, or even have reason to question the driver. SBC did not direct the driver or take on any duty after Mr. Singh left their premises. For these reasons, the Court finds no basis to extend liability under Section 324A. There has been no threshold showing. *Kennery v. State*, 2011 VT 121, ¶ 14.

Plaintiff also seeks to tie SBC's nominal designation as shipper to various duties under the Federal Motor Carrier Safety Regulations, but in each of the cases cited, the analysis is similar to the foregoing Section 324A analysis. Namely, did SBC do something that increased the harm or fail to warn about a hazard that resulted from the shippers action. See, e.g., *Contship Containerslines, Ltd. v. PPG Industries, Inc.*, 442 F.3d 74, 78 (2d Cir. 2006) (holding that a shipper has a duty to adequately warn a carrier of foreseeable dangers posed by hazardous cargo). Here, there is no allegation that the mulch SBC loaded was inherently dangerous either in its composition or loading. There is no allegation that SBC's failed to warn about a particular danger that it created or resulting from their loading. Again, there is simply no evidence in the record that would suggest that anything SBC did or did not do increased or affected the resulting

accident with Ms. Webber, such that was some duty or resulting causative chain that would support a finding of negligence or liability. Plaintiff's efforts to tie SBC to the present action is missing several critical links in the chain of both duty and causation. As such, SBC is entitled to summary judgment on these issues.

### C. *Joint Venture Liability*

In the alternative, Plaintiff alleges that SBC should be held liable as part of a joint venture. "A joint venture is a special relationship of two or more parties to engage in and carry out a single business venture for joint profit." *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 139 (1993). To qualify as a joint venture," there must be an agreement to share in profits and losses, joint control or right to control, a joint proprietary interest in the subject matter and a community of interest in the performance of the common purpose." Id. In effect, a joint venture arises when separate entities or individuals so closely align their activities as to become a de facto partnership. Id.

Plaintiff's argument on this point lacks any credible evidence to give rise to the legal conclusion that SBC acted in concert with any of the other defendants. The evidence indicates that SBC sold mulch to Ameriscape, and at Ameriscape's direction loaded it onto Mr. Singh's truck. Such activity is simply a commercial transaction. Plaintiff uses the designation of "shipper" to spin out a theoretical network of business connections between SBC and the other defendants. While such might be appropriate for a complaint, it is insufficient to support a claim in a motion for summary judgment. SBC has come forward with credible and unrebutted evidence that their role in the transaction was to sell a single load of mulch. They were paid for this load, but they were not part of a joint venture as they did not share profits or control the overall transaction. As such, the claim for joint venture cannot be sustained on the record before the Court. For these reasons, SBC is entitled to summary judgment on this claim.

### D. *Disputed Facts and Discovery*

Plaintiff's final argument against summary judgment contends that he has not had enough time to perform adequate discovery. A party seeking to forestall a motion for summary judgment on the basis of needing additional time for discovery is required under Rule 56(d) to show by affidavit or declaration the specified reasons "it cannot present facts essential to justify the opposition." V.R.C.P. 56(d). As one trial court interpreting Rule 56(d)'s obligation to establish a basis for continuing consideration for lack of discovery has held:

The rules allow a court to defer considering a motion for summary judgment to allow time for additional discovery "[i]f a nonmovant shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." V.R.C.P. 56(d)(1). An affidavit submitted in accordance with this rule should describe (1) the facts Landowners seek and how they can be obtained, (2) how Landowners reasonably expect the additional facts will create a genuine issue of material fact, (3) efforts Landowners have made to obtain the additional information; and (4) why those efforts were unsuccessful. See *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 606 (2d Cir. 2005); *Sage Realty Corp. v. Ins. Co. of N. Am.*, 34 F.3d 124, 128 (2d Cir. 1994).

*University of Vermont v. Porter*, Dckt. No. 22-CV-3135, at 3–4 (Feb. 21, 2023) (Toor, J.).

In this case, Plaintiff has not submitted any such declaration or indicated what information remains outstanding or necessary to further determine SBC's role in the transaction or what facts would be necessary to disprove or create a factual dispute against SBC's evidence showing its limited role in the commercial transaction. In effect, Plaintiff has turned back to his original complaint as source for these allegations. Neither Plaintiff, nor Plaintiff's counsel, have suggested that there are specific facts that discovery is likely to uncover. For these reasons, the Court finds no basis to extend additional time in the hope that something might arise from an unspecified discovery process that would support a theory from Plaintiff's speculations.

## ORDER

Based on the foregoing, SBC's motion for summary judgment is **Granted**, and all claims against SBC are **Dismissed** pursuant to V.R.C.P. 56. The Court clerk shall set this matter for a status conference in regard to Plaintiff's motion for an amended complaint, the remaining discovery issues, and whether the parties are prepared to revisit Fine Home Details, Inc.'s motion to dismiss in light of the Court's September 9, 2025 decision.

Electronically signed on 4/10/2026 3:14 PM pursuant to V.R.E.F. 9(d)

_____
Daniel P. Richardson
Superior Court Judge